# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CORY DEONTRA BRADLEY, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | No. 4:16-CV-1446 JCH |
| JAMES HURLEY, | ) ) ) | |
| Respondent, | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the petition of Cory Bradley for a writ of habeas corpus under 28 U.S.C. § 2254. The petition is denied.

Petitioner was convicted by a jury of possession of a controlled substance. *Missouri v. Bradley*, No. 1322-CR03502-01 (City of St. Louis). The trial court sentenced him on September 10, 2015, to ten years' imprisonment. He did not appeal, and he did not file a motion for postconviction relief.

Petitioner does not believe the state court had criminal jurisdiction over him because he did not enter into a "contract" with it. Plaintiff believes himself to be a corporate entity, or *ens legis*. He claims the Missouri Department of Corrections is "operat[ing] under false pretense of detaining [him] under Bill of Cost request." He also claims his right to due process was violated because he did not waive the formal reading of the indictment, that the Department of Corrections has denied his request for a psychiatric evaluation, there was no "Notice of Acceptance," there was no "*Miranda* Bill of Particulars," and that his pretrial motions were denied.

"As a prerequisite for federal habeas review, a petitioner must exhaust state remedies . . ." *Frederickson v. Wood*, 87 F.3d 244, 245 (8th Cir. 1996). Petitioner has not exhausted his state remedies, which include filing a motion for postconviction relief. However, the Court may dismiss the petition on the merits, regardless of petitioner's failure to exhaust. 28 U.S.C. § 2254(b)(2).

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a constitutional issue are not cognizable in a federal habeas petition. *E.g. Gee v. Groose*, 110 F.3d 1346, 1351-52 (8th Cir. 1997). Petitioner's claims with regard to his corporate status and lack of contract with the state court do not state a claim under the Constitution. As a result, these claims must be dismissed.

A federal habeas court narrowly reviews alleged due process violations stemming from a state court conviction. *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995). A petitioner must show "that the alleged improprieties were so egregious that they fatally infected the proceedings and rendered his entire trial fundamentally unfair. To carry that burden, the petitioner must show that there is a reasonable probability that the error complained of affected the outcome of the trial—i.e., that absent the alleged impropriety the verdict probably would have been different." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995) (quotation omitted). None of petitioner's due process claims could have affected the jury's verdict. Therefore, the petition lacks merit.

Finally, petitioner has failed to make a substantial showing of the denial of a constitutional right, which requires a demonstration "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Khaimov v. Crist*,

297 F.3d 783, 785 (8th Cir. 2002) (quotation omitted). Thus, the Court will not issue a certificate of appealability. 28 U.S.C. § 2253(c).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's request to proceed in forma pauperis [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that the petition is **DENIED**, and this action is **DISMISSED**.

An Order of Dismissal will be filed separately.

Dated this   19th    day of October, 2016.

\s\   Jean C. Hamilton
UNITED STATES DISTRICT JUDGE